**HANG NAM YOON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70683.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 18, 2008.

Hang Nam Yoon, Sunnyvale, CA, pro se.

OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reconsider and reopen.

We review the BIA's denial of a motion to reopen or reconsider for abuse of dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cretion. *See Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). The regulations state that motions to reconsider must be filed within thirty days of the decision for which reconsideration is sought. *See* 8 C.F.R. § 1003.2(b)(2). The regulations further state that a motion to reopen removal proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2).

■ A review of the administrative record demonstrates that the BIA did not abuse its discretion in construing petitioner's motion as one for reconsideration. *See Iturribarria v. INS*, 321 F.3d 889, 895–96 (9th Cir.2003) (holding that a motion to reconsider is a request that the BIA "reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of a case which was overlooked, while [a] motion to reopen is usually based upon new evidence or a change in factual circumstances.") (internal quotations omitted). Regardless of whether it is construed as a motion for reconsideration or to reopen, the BIA did not abuse its discretion in denying the motion as untimely. Petitioner's final administrative order of removal was entered on August 9, 2004. Petitioner's motion to reconsider and reopen was filed on November 7, 2007, more than ninety days after the date on which the final order of removal was entered. Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

■ To the extent petitioner challenges the BIA's decision declining to exercise its sua sponte authority to reopen his removal proceedings, we lack jurisdiction to review this portion of the order. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**